VANVACTER *v.* PATTERSON.

Suit against the maker of a sealed note for the payment of money, brought by *V.* as assignee of *M.*, who was assignee of *B.* the payee. Plea of payment to the payee before notice of his assignment to *M.*, claiming as set-offs certain notes of *B.*, one of which was payable to the defendant, and the others were assigned to him. Replication, that the defendant had notice, &c.

*Held,* that the notes and assignments mentioned in the plea might be read in evidence by the defendant. *Held,* also, that evidence offered by the defendant, that *M.* transferred the note declared on to *W.* by a blank indorsement, that *W.*, without indorsing it, transferred it to *T.*, that the latter transferred it by delivery to *B.*, who in the same manner transferred it to the plaintiff, who, before the maturity of the note, filled up the blank indorsement to himself,—was inadmissible under the issue.

*Tuesday,
May 28.*

ERROR to the *Union* Circuit Court.

DEWEY, J.—Debt by *Vanvacter* against *Patterson.* The action is founded on a sealed note made by the defendant to one *Bagnell* for 200 dollars, dated *March* the 27th, 1838, payable in three years from *December* the 25th, 1838, and assigned by *Bagnell, March* the 15th, 1839, to one *Marsh,* and by him to the plaintiff. The defendant pleaded the statutory plea of payment to *Bagnell* before notice of the assignment by him to *Marsh;* and alleged as matters of set-off three notes; one made by *Bagnell* to the defendant, *August* the 11th, 1840, for 65 dollars payable *December* the 25th of the same year; one made by *Bagnell* to one *Hanna, July* the 2d, 1840, for 90 dollars payable *December* the 25th, 1840, and assigned by *Hanna* to the defendant *May* the 27th, 1841; and another made by *Bagnell* to one *Brandenburgh, August* the 16th, 1840, for 60 dollars payable *December* the 25th, 1840, and assigned by *Brandenburgh* to the defendant *April* the 10th, 1841. The plaintiff replied, that the defendant had notice of the assignment of the note mentioned in the declaration by *Bagnell,* as the assignment is therein alleged, before he received the notes described in the plea; conclusion to the country, and issue. The cause was submitted to the Court without a jury.

On the trial, the plaintiff produced the note and assignments set out in the declaration, and proved that *Marsh,* on the 15th of *March,* 1839, notified the defendant of the assignment by *Bagnell* to *Marsh;* and that the defendant then admitted

that he held no set-off against the note. The defendant pro-
duced the notes and assignments described in his plea, to the
admission of which in evidence the plaintiff objected, but
they were admitted. The defendant was also permitted to
prove, notwithstanding the objection of the plaintiff, that
*Marsh*, the first assignee of the note declared on, transferred
it to one *Wainright* by a blank indorsement, that *Wainright*,
without indorsing it himself, transferred it to one *Tappen*,
who transferred it by delivery to *Bagnell*, who, in the same
manner, transferred it to the plaintiff, who, before the matu-
rity of the note, filled up the blank over *Marsh's* name by an
assignment to himself. The Court, after deducting certain
credits which appeared upon the notes produced by the de-
fendant as matters of set-off, allowed the amount due upon
them in favour of the defendant, and rendered a judgment for
the plaintiff for the difference between that amount and the
sum due on the note which is the foundation of the action.

We do not think the Court committed any error in suffer-
ing the notes and their assignments mentioned in the plea to
go in evidence. Their existence was admitted by the plead-
ing; and it was proper they should be read. But it was
erroneous to admit the parol evidence. The issue was, whe-
ther the defendant, before he acquired the matters of set-off,
had notice of *Bagnell's* assignment of the note declared on to
*Marsh*. The evidence was foreign to that issue, and should,
therefore, have been excluded. To let in such evidence, the
defendant should have framed his plea differently. He
should have shown that *Bagnell*, after his assignment to
*Marsh*, again became the legal owner of the note, and that
the defendant held the matters of set-off during such second
ownership, or that he acquired them without notice of *Bag-
nell's* second transfer. Such a plea would have conformed to
the facts of the case, and would, under the statute regulating
the assignment of notes not negotiable by the law merchant,
have barred the action, unless the plaintiff could have replied
and proved notice to the defendant of *Bagnell's* assignment
to the plaintiff, before the defendant procured the notes relied
on as set-offs.

As the issue stands, it was supported by the plaintiff by his
proof that the defendant had notice of *Bagnell's* assignment

to *Marsh*, before he procured any notes against *Bagnell;* and the judgment should have been in favour of the plaintiff for the full amount of the note declared on.

*Per Curiam.* — The judgment is reversed with costs. Cause remanded, &c.

*J. S. Reid*, for the plaintiff.

*J. S. Newman*, for the defendant.